**MEREDITH et al. v. NORTH MIAMI, FLA. et al. (two cases).**

**Nos. 10988, 11056.**

Circuit Court of Appeals, Fifth Circuit.

Nov. 16, 1944.

Rehearing Denied Dec. 19, 1944.

486

D. C. Hull, Erskine W. Landis, John L. Graham, and J. Compton French, all of DeLand, Fla., for appellants.

H. H. Eyles, Mitchell D. Price, Charles W. Zaring, L. S. Bonsteel, Tyrus A. Norwood, Ben S. Hancock, Jr., Malcolm S. H. Kneale, all of Miami, Fla., and Austin L. Richardson, of St. Petersburg, Fla., for appellees.

Before HUTCHESON and HOLMES, Circuit Judges, and UNDERWOOD, District Judge.

HOLMES, Circuit Judge.

These two appeals were argued together, and may be disposed of in one opinion. The first is from an order denying the plaintiffs' motion to dissolve an injunction. The second is from a summary judgment dismissing plaintiffs' amended bill and making permanent an injunction previously issued against the Town of North Miami.

Appellants obtained judgments acquired in suits to recover principal and interest due and unpaid upon municipal bonds issued by the Town of Miami Shores (now North Miami), Florida, which pledged the full faith and credit of the municipality and were secured by a pledge of ad valorem taxes upon all taxable property of the town as constituted when the bonds were issued. In 1940, appellants secured a mandatory injunction from the United States District Court requiring the municipality, for the purpose of paying said judgments, to levy and collect a special tax against all property that was within the municipality when the bonds were issued, except certain property east of Biscayne Bay not important here. This court affirmed that decree.

In a series of quo warranto proceedings brought by taxpayers owning property within the corporate limits of the town, a State Court of Florida entered judgments ousting the town from jurisdiction to manage and control, or to levy and collect taxes upon, said property. The owners of the ousted lands were not parties to the action for a mandatory injunction, and the bondholders were not parties to the quo warranto proceedings.

In 1941, appellants brought an action under the Declaratory Judgments Act, Jud. Code, § 274d, 28 U.S.C.A. § 400, seeking a judgment declaring said ousted lands to be subject to a special levy of ad valorem taxes by the municipality for the payment of obligations arising out of the bonds that were issued while the ousted lands formed a part of the municipality. After this suit was filed, the town sought by petition in bankruptcy a composition and extension of its bonded indebtedness, and these appellants assented to the plan proposed. The declaratory judgment suit was tried and taken under advisement by the court in 1943. Before entering judgment

on the issue therein, the court of its own motion, in view of the plan approved in the composition proceedings, entered a restraining order enjoining the City from levying and collecting any taxes from the owners of the ousted lands. Appellants' motion to dissolve this injunction was denied, and the appeal in 10,988 is from that order. On March 6, 1944, the court entered its judgment dismissing the declaratory judgment suit on the ground that appellants' acquiescence in the plan of composition in the bankruptcy proceedings precluded them from prosecuting the suit. From that judgment, the appeal in 11,056 was brought.

The decree of the bankruptcy court confirming the plan of composition is no defense to this suit, because it was expressly provided in said decree that it should not preclude the prosecution of this action, which might proceed as if said decree had not been entered. The last paragraph of said bankruptcy decree is as follows: "Should refunding bonds be exchanged, as herein authorized, for the judgments on which said civil action is founded, said civil action shall not abate, but may be thereafter prosecuted for the benefit of the holders of the refunding bonds, in the same manner, and to the same extent, and with the same legal effect, as if such exchange had not been made."

The ousted land owners claim that they were not parties to this decree and are not bound by it. They overlook the fact that they are seeking to interpose this decree as a defense to an action against them, and that in so doing they are bound by its terms and provisions. The jurisdiction of the bankruptcy court was plenary, and we know of no reason why the above-quoted provisions are not binding upon one relying upon the decree as a defense to an action on the refunding bonds. Such provisions are not open to a collateral attack by one relying upon the other provisions of the decree.

We think the allegations and prayer of the complaint are sufficient to entitle the appellants to a judgment declaring the rights and legal relations of the parties with respect to the liability of the ousted lands for such taxes as may be necessary to pay the refunding bonds as they become due and payable. There is an actual controversy between the par-ties as to said liability, which controversy should be adjudicated by a declaratory judgment. The complaint discloses no ground for the issuance of an injunction, and that granted of the court's own motion should be dissolved.

We do not direct what the declaratory judgment should be; but because the court below summarily dismissed the complaint on the ground that the bankruptcy decree was a complete bar to the action, the order and judgment appealed from are reversed, and the cause remanded to the District Court for further proceedings not inconsistent with this opinion.